UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHEELER,<br><br>            Plaintiff,<br><br>   v.<br><br>M. HODGES, et al.,<br><br>            Defendants. | No.  2:13-cv-2526 KJN P<br><br><br>ORDER |

Introduction

      Plaintiff is a state prisoner proceeding without counsel. On December 6, 2013, defendants removed plaintiff's complaint from the San Joaquin County Superior Court, and paid the $400.00 filing fee. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and appears to include state law tort claims. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Screening

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
8    2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
10   1227.

11   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
12   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
15   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
16   formulaic recitation of the elements of a cause of action;" it must contain factual allegations
17   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
18   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
20   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
22   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
23   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
24   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25   The Civil Rights Act under which this action was filed provides as follows:

26   > Every person who, under color of [state law] . . . subjects, or causes
27   > to be subjected, any citizen of the United States . . . to the
28   > deprivation of any rights, privileges, or immunities secured by the
     > Constitution . . . shall be liable to the party injured in an action at
     > law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's Complaint

In rules violation report #DVI-12-01-89-P, plaintiff was charged with and found guilty of "Introduction of Dangerous Contraband to a State Prison (Possession of Cell Phones), a violation of California Code of Regulations, Title 15, Section 3006(a).  (ECF No. 1-2 at 15.)  In his complaint filed in state court, plaintiff alleges that defendant Harper violated plaintiff's due process rights by opening, outside plaintiff's presence, a mailed package addressed to plaintiff. Plaintiff contends the package contents did not pose an immediate danger to institution security, and that defendants Languerand and Cano filed false documents concerning the package.

Defendant Vivero allegedly held a hearing "built on almost ten inappropriate and illegal acts," and denied plaintiff a fair hearing, resulting in the loss of time credits. (ECF No. 1-2 at 4.) Defendant Dulk allegedly "compiled all the illegal documents," and processed and recommended approving them "even though he saw they were false." (ECF No. 1-2 at 4.) Defendant Chief Deputy Warden Nies allegedly approved the illegal actions, even though some of the "legal violations" were brought to his attention. (ECF No. 1-2 at 4.) Defendant Appeal Examiner Altamirano investigated the actions, but allegedly covered-up the actions, and submitted a "distorted report for approval," and defendant M. Hodges, Chief of Inmate Appeals, signed off on the report to allegedly "cover up for the real Chief of Appeals." (ECF No. 1-2 at 4.) Plaintiff includes a laundry list of prison regulations he alleges defendants failed to follow, and claims such violations constitute a due process violation. (ECF No. 1-2 at 5.) Plaintiff seeks declaratory relief, as well as compensatory and punitive damages.

Discussion

First, plaintiff's complaint was initially filed in state court. Thus, information usually available for screening plaintiff's claims is unavailable. For example, plaintiff has not indicated whether he has other cases pending in federal court. Moreover, to the extent plaintiff intends to pursue state law tort claims (ECF No. 1-1 at 2), plaintiff failed to allege compliance with the California Tort Claims Act, also known as the Government Claims Act. The requirement that a plaintiff asserting claims subject to the Government Claims Act must affirmatively allege compliance with the claims filing requirements applies in federal court. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Second, plaintiff appears to allege that some defendants are liable based on their role in the inmate grievance process. However, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process,

plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Third, to the extent that he is asserting that the failure of prison officials to abide by their own regulations in the processing of his rules violation report, plaintiff fails to state a cognizable federal due process claim. Violations of state prison regulations do not rise to the level of a constitutional violation cognizable under Section 1983. Sandin v. Conner, 515 U.S. 472, 482 (1995) (finding no constitutionally protected liberty interest in prison regulations even when phrased in mandatory terms); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989) (prison's failure to follow its own guidelines regarding hearings does not alone constitute denial of due process); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981) (violations of prison rules or procedures alone do not state federal constitutional claims).[1]

Finally, plaintiff's claim concerning the allegedly false prison disciplinary, as presently pled, also fails. Plaintiff alleges defendants falsified a rules violation report against plaintiff. Plaintiff appears to challenge the substance of the rules violation and seeks compensatory and punitive damages. Plaintiff has not indicated that he seeks return of any loss of time credits, yet the claim must still be dismissed for the reasons that follow.

////

---

[1] Federal due process requires that a prisoner receive: (1) advance written notice of at least 24 hours of a disciplinary charge; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

In Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, Heck sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, Heck did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

The Supreme Court has extended the Heck bar to § 1983 suits that would negate prison disciplinary proceedings that affect good-time credits. Edwards v. Balisok, 520 U.S. 641, 648 (1997). A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Id. at 646. So, a "prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings ) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Plaintiff's complaint is dismissed and plaintiff is given the opportunity to file an amended complaint to provide more information to show if the prison disciplinary has been expunged or overturned.

6

Conclusion

Thus, as a result of the above analysis, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

Plaintiff's Subsequent Filings

On January 13, 2014, plaintiff filed a document styled, "Notice of Retaliatory Acts." (ECF No. 6.) Plaintiff alleges "state officials have refused to follow mandated procedures, and have decided to seek various forms of retribution[2] for plaintiff, and others who have dared to raise allegations." (ECF No. 6 at 1.) Plaintiff claims state officials have taken and destroyed personal property and planted contraband.

Plaintiff is advised that a claim concerning personal property fails to state a cognizable civil rights claim. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 536-44 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128-29 (1990). California law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-95). Also, "[t]he confiscation of personal property . . . does not give rise to a claim for relief for violation of the Eighth Amendment, regardless of the value of the property to the inmate." Washington v. Early, 2008 WL 795603 (E.D. Cal. 2008). Thus, plaintiff should not renew such property claim in any amended complaint.

////

////

---

[2] In his complaint, plaintiff does not claim that prison officials issued the allegedly false rules violation report in retaliation for protected First Amendment conduct. To the extent that he now contends that defendants are retaliating against him for bringing the instant action, plaintiff is cautioned that the Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. Thus, plaintiff's claims that defendants retaliated against him for bringing the instant action may not be raised in the instant action because the facts supporting such claims took place after the filing of this action, and plaintiff could not have exhausted his administrative remedies as to such allegations before the instant action was filed.

Moreover, plaintiff did not provide specific details such as names, dates, or other facts. Plaintiff is advised that any amended complaint should include all of plaintiff's allegations; the filing of notices such as this one, is not appropriate.

Finally, on January 21, 2014, plaintiff filed a document styled, "Notice of Intent to Seek Preliminary Injunction." (ECF No. 7.) Plaintiff claims that he will soon seek a hearing for such relief based on "ongoing acts of retaliation, and the constant introducing [of] fabricated documents, and false allegations that inflict irreparable damage to plaintiff's liberty." (ECF No. 7 at 1.) Plaintiff appends a document entitled, "Staff Assistant Assignment," dated January 15, 2014, and claims it is an example of a fabricated document referred to in plaintiff's complaint.

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the moving party is entitled to such relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). As provided by Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction to preserve the relative position of the parties pending trial on the merits. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter, 555 U.S. at 22. Thus, the temporary relief sought by plaintiff must be connected to the allegations of the underlying complaint.

Because plaintiff's complaint is dismissed as barred by Heck, it is unclear whether plaintiff can demonstrate that he is likely to succeed on the merits of his claim.[3] Moreover,

---

[3] Plaintiff is advised of the following substantive standards governing claims raised in his complaint. "A prisoner has no constitutionally guaranteed immunity from being wrongly or falsely accused of conduct which may result in the deprivation of a protected liberty interest." Lopez v. Celaya, 2008 WL 205256 at *5 (N.D. Cal. Jan. 23, 2008), citing, inter alia, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Although the filing of a false disciplinary action against an inmate is not a per se civil rights violation, there are two ways that allegations that an inmate has been subjected to a false claim can state a cognizable civil rights claim. The first is when the inmate alleges that the false report was in retaliation for the exercise of a constitutionally protected right under the First Amendment. See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997) (retaliation claim must rest on proof that defendant filed disciplinary action in retaliation for inmate's exercise of his constitutional rights and that the retaliatory action

1  plaintiff's filing states he intends to bring a motion for injunctive relief in the future, which

2  suggests he did not intend to move for such relief in this filing.  Plaintiff did not address the

3  elements of such a motion, and failed to provide specific factual support for such a motion.  For

4  all of these reasons, the court declines to construe plaintiff's filing as a motion for injunctive

5  relief, but dismisses the "notice" without prejudice to the filing of a motion for injunctive relief

6  should plaintiff be able to allege facts supporting such relief.

7         In accordance with the above, IT IS HEREBY ORDERED that:

8         1. Plaintiff's complaint is dismissed.

9         2. Within thirty days from the date of this order, plaintiff shall complete the attached

10  Notice of Amendment and submit the following documents to the court:

11             a. The completed Notice of Amendment; and

12             b. An original and one copy of the Amended Complaint.

13  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

14  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

15  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

---

advanced no legitimate penological interest); Newsom v. Norris, 888 F.2d 371, 377 (9th Cir. 1989).  The second is when the inmate is not afforded the procedural due process required by the due process clause in connection with the issuance and hearing of disciplinary reports.  See Newsom, 888 F.2d at 377; see also Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (claim that prison guard planted false evidence which resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections are provided).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of harm may be sufficient even if an inmate cannot allege a chilling effect.  Id.  In order to prevail on a retaliation claim, plaintiff must demonstrate that he engaged in protected conduct and that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  In the context of a retaliation claim brought by an inmate, the plaintiff must also demonstrate an absence of legitimate correctional goals for the conduct he contends was retaliatory.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

10

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    3. Plaintiff's January 21, 2014 filing (ECF No. 7) is dismissed without prejudice.

    4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action pursuant to 42 U.S.C. § 1983.

Dated: January 24, 2014

whee2526.14

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  REGINALD WHEELER,                    No. 2:13-cv-2526 KJN P
12              Plaintiff,
13        v.                             NOTICE OF AMENDMENT
14  M. HODGES, et al,
15              Defendants.
16

17       Plaintiff hereby submits the following document in compliance with the court's order

18  filed_____.

19            _____        Amended Complaint
    DATED:
20

21                                 _____
                                   Plaintiff
22