UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD WHEELER,

        Plaintiff,

  v.

M. HODGES, et al.,

        Defendants.

No. 2:13-cv-2526 KJN P

ORDER

Introduction

      Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. This action was removed from San Joaquin County Superior Court by defendants. On February 24, 2014, plaintiff filed an amended complaint as of right. Fed. R. Civ. P. 15.

Screening Standards

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Screening Plaintiff's Amended Complaint

First, plaintiff failed to sign the amended complaint.  Rule 11 of the Federal Rules of Civil Procedure requires parties to sign pleadings.

Second, despite the court's detailed guidance in the January 24, 2014 screening order, plaintiff did not file his amended complaint on the civil rights form used by this district, and continues to challenge actions by defendants based on alleged violations of prison regulations which, standing alone, fail to state a cognizable civil rights claim.

Third, plaintiff's allegations that defendants allegedly falsified documents and other defendants relied on such false documents to impose an allegedly "illegal disciplinary report" against plaintiff are insufficient to state a federal civil rights claim.  Brown v. CMC, 2010 WL 2674499, *6-7 (C.D. Cal. May 18, 2010) ("allegations of a fabricated RVR, alone, do not support a cognizable due process claim"); Buckley v. Gomez, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997)

2

1  (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports),
2  aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); Sprouse v. Babcock, 870 F.2d 450, 452 (8th
3  Cir. 1989) (prisoner's claims based on allegedly false charges do not state a constitutional claim).
4  Plaintiff's allegations concerning the allegedly false charges fail to state a cognizable
5  constitutional violation.

6       Fourth, plaintiff again attempts to challenge prison disciplinary No. 12-01-89-P, based on
7  his allegations concerning a falsified prison disciplinary.  The exhibits provided by plaintiff
8  demonstrate that plaintiff was found guilty of "introduction of dangerous contraband to a state
9  prison -- possession of cell phones" (ECF No. 1-2 at 15), and plaintiff was imposed the loss of
10 good time credits (ECF No. 1-2 at 4).  As plaintiff was previously advised, his challenge to the
11 prison disciplinary is barred by the favorable termination rule.  Heck v. Humphrey, 512 U.S. 477
12 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (barring § 1983 challenge to prison
13 disciplinary hearing because success on the claim would result in automatic reversal of a
14 disciplinary sanction); Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974) (holding that prisoners
15 could not use § 1983 to obtain restoration of good-time credits).  Because plaintiff seeks removal
16 of a rules violation report from his file, such relief is only available in a habeas corpus action.
17 See Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

18      Here, plaintiff alleges that he was subjected to a disciplinary proceeding that was based on
19 falsified documents or false information.  Plaintiff's claim for damages is barred by the favorable
20 termination rule of Heck and Balisok because a judgment in favor of plaintiff on his claim will
21 necessarily imply the invalidity of the disciplinary action, and plaintiff has not demonstrated that
22 the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared
23 invalid by a state tribunal authorized to make such determination, or called into question by a
24 federal court's issuance of a writ of habeas corpus."  See, e.g., Cox v. Clark, 321 Fed. Appx. 673,
25 676 (9th Cir. 2009) (affirming dismissal of due process claim pursuant to Balisok to the extent
26 that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision);
27 McCoy v. Spidle, 2009 WL 1287872, *7-*8 (E.D. Cal. May 6, 2009) ("A challenge under section
28 1983, seeking only damages and declaratory relief for procedural due process violations is also

3

barred if the nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits."). Plaintiff's challenge to the prison disciplinary is barred by the Heck favorable termination rule.

Fifth, plaintiff vaguely states that his due process rights "relating to disciplinary hearing procedures" were violated. (ECF No. 10 at 7.) Prisoners retain their Fourteenth Amendment right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

If plaintiff alleges a named defendant failed to provide him with the minimum procedural protections required under Wolff, such an allegation is not barred by Balisok, because a decision in plaintiff's favor would not necessarily imply the invalidity of the deprivation of the good-time credits. See Wolff, 418 U.S. at 554-55, 563-65 (prisoner has a right to seek damages under § 1983 for the denial of procedural due process rights during prison disciplinary hearings); see also Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("Wolff makes clear that § 1983 remains available to procedural challenges where success in the action would not necessarily spell immediate or speedier relief for the prisoner."); Heck, 512 U.S. at 482-83, 487 (distinguishing Wolff as recognizing a § 1983 claim for "using the wrong procedures, not for reaching the wrong

4

result ( i.e., denying good-time credits)," where claim, if successful, would not necessarily imply the invalidity of the prisoner's conviction or sentence); Galaza, 334 F.3d at 858 ("the favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement").

However, in order to state a cognizable procedural due process claim, plaintiff must allege facts demonstrating that his rights under Wolff were violated. Again, procedural due process does not address alleged false reports or an alleged wrong result; rather, plaintiff's allegations must show that he was deprived of one of the five specific protections under Wolff set forth above. In an abundance of caution, plaintiff is granted leave to file a second amended complaint should plaintiff be able to allege facts demonstrating his procedural due process rights under Wolff were violated.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the instant order, the January 24, 2014 order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must be filed on the form used by the Eastern District of California, must bear the docket number assigned this case, and must be labeled "Second Amended Complaint."

3. Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send plaintiff the form for filing a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.

Dated:  April 1, 2014

/whee2526.14amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE