UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHEELER, | No. 2:13-cv-2526 MCE KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. HODGES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983, in which plaintiff challenges a January 23, 2012 prison disciplinary for the violation of "Introduction of Dangerous Contraband to a State Prison -- Possession of a Cell Phone." (ECF No. 10 at 21.) Defendants move to temporarily stay the instant action pending resolution of the motion to dismiss for lack of jurisdiction filed in Wheeler v. Price, 2:14-cv-0521 MCE KJN P. In Price, plaintiff filed a petition for writ of habeas corpus in which he also challenges the January 23, 2012 prison disciplinary for the violation of "Introduction of Dangerous Contraband to a State Prison -- Possession of a Cell Phone." (Id., ECF No. 1 at 5, 24.)

Defendants contend that it remains unresolved whether plaintiff's claims are properly brought as a habeas petition or a federal civil rights complaint, citing Heck v. Humphrey, 512 U.S. 477 (1994), Edwards v. Balisok, 520 U.S. 641, 645 (1997), and Ramirez v. Galaza, 334 F.3d

1

1   F.3d 850, 857-58 (9th Cir. 2003).  (ECF No. 22 at 3.)  Indeed, in Price, the respondents' motion
2   to dismiss contends there is no habeas jurisdiction over plaintiff's habeas claim because the
3   assertion that expunging a disciplinary decision might alter a future parole board suitability
4   decision is too attenuated to invoke habeas jurisdiction.  Case No. 2:14-cv-0521 MCE KJN P
5   (ECF No. 9 at 4.)  If the motion to dismiss is granted, defendants argue, the instant action will
6   proceed as it will not be barred under Heck.

7        Plaintiff opposes the stay of this action, claiming that he would be prejudiced by the stay
8   because the prison disciplinary is affecting his eligibility for parole.  (ECF No. 25 at 2.)  Plaintiff
9   also argues that because the court screened the civil rights complaint and found that plaintiff
10  stated a cognizable claim and, if proven, would entitle plaintiff to some relief.

11       The Supreme Court has held that a district court has discretion to stay proceedings in its
12  own court.  Landis v. North American Co., 299 U.S. 248, 254 (1936).  The court has the inherent
13  power to stay proceedings in this case arising from the court's power to control its docket,
14  conserve judicial resources, and provide for a just determination of the cases before it.  See, e.g.,
15  Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).  In
16  evaluating whether a stay should be granted, the Ninth Circuit has held that the court should
17  consider the competing interests at stake including the possible damage which may result from
18  granting a stay, the hardship or inequity which a party may suffer in being required to go forward,
19  and "the orderly course of justice measured in terms of simplifying or complicating the issues,
20  proof, and questions of law which could be expected to result from a stay."  Lockyer v. Mirant
21  Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).  The Ninth Circuit has also held that a stay pending
22  resolution of independent proceedings which bear upon the case should not be granted "unless it
23  appears likely the other proceedings will be concluded within a reasonable time in relation to the
24  urgency of the claims presented to the court."  Leyva v. Certified Grocers of California, Ltd., 593
25  F.2d 857, 863 (9th Cir. 1979).

26       While the court is sympathetic to plaintiff's concern about potential delay, as well as the
27  alleged impact on his future parole hearings, it is necessary for the court to determine the proper
28  jurisdiction for plaintiff's claims.  As stated by one district court, "[t]his determination is

complicated by a current lack of clarity in case law regarding whether a potential, rather than certain, impact on custody is sufficient to invoke federal habeas jurisdiction." Jackson v. Swarthout, 2011 WL 3875859, *3-4 (E.D. Cal., Aug. 31, 2011) ("Courts within the Ninth Circuit have not responded uniformly to this issue.")  While this lack of clarity allowed plaintiff to file challenges to the same prison disciplinary in both a habeas action and a civil rights action, the district court must first decide the proper jurisdiction in which to adjudicate plaintiff's claims. Plaintiff may not pursue the same challenge in two different actions at the same time because it risks conflicting decisions on questions of law and wastes scarce judicial resources.  See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952) (based on courts' equitable discretion and to further "wise judicial administration" and conservation of judicial resources," stay of proceedings was warranted in patent case subject to dual litigation).  Moreover, it is a waste of party resources to pursue dual litigation on the very same claims.  Finally, resolution of the motion to dismiss presently pending in the Price case will not unduly delay resolution of plaintiff's challenge to the prison disciplinary.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for temporary stay be granted.  Either party may file a motion to lift the stay once the district court rules on the pending motion to dismiss in Price, Case No. 2:14-cv-0521 MCE KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 3, 2015

/whee2526.sty

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE