UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHEELER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. HODGES, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-2526 MCE KJN P<br><br><br>ORDER and FINDINGS AND<br>RECOMMENDATIONS |

I. Introduction

　　　Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On June 29, 2015, plaintiff filed a motion for temporary restraining order and preliminary injunction. Plaintiff contends that he has an upcoming parole hearing on October 8, 2015, and argues that if the rules violation report ("RVR") at issue is allowed to be among the factors considered at such hearing, the Board could set his next parole consideration hearing from three to 15 years from now. As set forth below, the undersigned recommends that plaintiff's motion be denied, but finds that in light of the delays in addressing plaintiff's claims, a more expedited scheduling of the case may be warranted.

II. Background

　　　On December 6, 2013, this action was removed from San Joaquin County Superior Court. (ECF No. 1.) Defendants waived personal service of summons on August 7, 2014, and on

1

September 8, 2014, filed a motion to stay. (ECF Nos. 21, 22.) On March 11, 2015, this action was stayed pending resolution of plaintiff's petition for writ of habeas corpus in Wheeler v. Price, Case No. 2:14-cv-0521 MCE KJN (E.D. Cal.). (ECF No. 28.)[1] On May 28, 2015, the Court of Appeals for the Ninth Circuit clarified that claims challenging prison disciplinary proceedings are cognizable in habeas only if such claims would necessarily spell speedier release. Nettles v. Grounds, 2015 WL 3406160, at *1 (9th Cir. May 28, 2015). Thus, the undersigned recommended that plaintiff's habeas petition be dismissed for lack of habeas jurisdiction. Price, 2:14-cv-0521 MCE KJN (ECF No. 21). On June 18, 2015, the stay in the instant action was lifted, and defendants were directed to file a responsive pleading within thirty days. (ECF No. 29.) On June 29, 2015, plaintiff filed the instant motion.

Plaintiff is serving a sentence of life with the possibility of parole based on his conviction for kidnap for the purpose of robbery and robbery. The inmate locator website for the California Department of Corrections and Rehabilitation ("CDCR") reflects that he was admitted to CDCR custody on August 31, 1982. Plaintiff has had at least two parole consideration hearings, one in March of 2007, and another on November 15, 2012, at which it appears he stipulated to a three year continuance of the hearing. Price, Case No. 2:14-cv-0521 MCE KJN (ECF No. 10 at 4-5.)

On January 23, 2012, plaintiff received an RVR, Log #12-03-35-P-4, for introduction of dangerous contraband to a state prison -- possession of cell phones. He was found guilty of the RVR and assessed a 90 day loss of credit. In the second amended complaint, plaintiff alleges that defendants Vivero and Cano violated plaintiff's procedural due process rights in connection with the RVR hearing held on April 3, 2012.

III. Standards for Injunctive Relief

Plaintiff seeks a temporary restraining order. A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  See Fed. R. Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.  Local Rule 231(a); see also Aiello v. OneWest Bank, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

IV. Analysis

    A. Success on the Merits

Plaintiff refers to a "defective" RVR, and contends the "tainted material" should not be allowed to be used at the upcoming parole hearing, or allowed to "enter into other documents," but he fails to show how his procedural due process rights were violated, and why he believes he will succeed on the merits. (ECF No. 30 at 1-2.) Plaintiff states that there "has now been enough information and material presented related to this matter." (ECF No. 30 at 1.) While many documents were submitted in his habeas action, such documents have not been filed in this case. None of the defendants in this action were named in the habeas action and do not have benefit of such filings. Defendants are represented by different counsel than respondent in the habeas action. In addition, the instant action is a civil rights action, with different procedures, standards, and scheduling than those governing the habeas action. Moreover, this case is in the beginning stage -- indeed, defendants have not yet filed a responsive pleading. It is too early in these proceedings for the court to determine whether plaintiff will succeed on the merits of his due process claims, and plaintiff's motion fails to demonstrate that he will.

    B. Irreparable Injury

Plaintiff's primary focus in his motion is the alleged injury he will suffer if his motion is not granted. Plaintiff argues that if he is not granted injunctive relief, he will suffer another postponement of his parole hearing, and, liberally construed, any hearing would be prejudiced by the Board's review of the allegedly defective RVR. Plaintiff suggests that once the Board considers the RVR at issue here, it will impact future parole hearings, and may cause him to be incarcerated longer.

The Supreme Court's "frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." Winter, 555 U.S. at 22; American Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) ("a plaintiff must show that an irreparable harm is likely, not merely possible, before a preliminary injunction may be issued."), reversed on other grounds, American Trucking Ass'ns v. City of Los Angeles, 596 F.3d 602 (9th Cir. 2010).

4

California's parole scheme contemplates that a prisoner sentenced to a term of life with the possibility of parole must be found suitable for parole before a parole date can be set. California Penal Code § 3041(b), and related implementing regulations, set forth criteria for determining whether a prisoner is suitable for parole. See Cal. Code Regs. tit. 15, § 2402. The prisoner must be found unsuitable and denied a parole date if, in the judgment of the panel, he will pose an unreasonable danger to society if released. Cal. Code Regs. tit. 15, § 2402(a). Section 2402(c) sets forth the circumstances tending to show unsuitability, which includes such factors as: the commitment offense, which includes evaluation of how the victim was injured, how the offense was carried out, and the motive for the crime; previous record of violence; unstable social history; psychological factors; and the prisoner's institutional behavior. Cal. Code Regs. tit. 15, § 2402(c). Section 2402(d) sets forth the circumstances tending to indicate suitability and states that "[t]he circumstances are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel." Cal. Code Regs. tit. 15, § 2402(d). These circumstances include no juvenile record, a stable social history, signs of remorse, the prisoner's motivation for the crime, lack of criminal history, age, understanding and future plans, and institutional behavior. Id. The Board enjoys wide discretion in determining whether and when plaintiff will be released on parole. Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011).

Because there are multiple factors that the Board takes into account in deciding whether or not plaintiff is suitable for parole, the undersigned cannot find that plaintiff will suffer irreparable injury if his motion for injunctive relief is not granted. Plaintiff has not addressed the above factors and shown that if the instant RVR were expunged his institutional record would be positive and it is likely that he would be found suitable for parole. Indeed, at the November 15, 2012 Board hearing, the District Attorney noted that plaintiff's psychological evaluation and the counselor's report both "talk[] about three CDC 115s that the inmate ostensibly got in 2010," one of which was appealed. (ECF No. 30 at 7.) Thus, even if the 2012 RVR were expunged, the record reflects plaintiff has sustained at least two other RVRs.

////

5

In addition, plaintiff previously stipulated to a three year continuance of his 2012 parole hearing so that he could challenge the instant RVR. There is no indication that resolution of the 2012 RVR was required for him to proceed with the 2012 parole hearing. Plaintiff points to nothing that would prevent him from proceeding with the October 8, 2015 parole hearing, and inform the Board that his challenge to the 2012 RVR was delayed due to circumstances beyond his control. Finally, as noted by plaintiff's counsel at the 2012 Board hearing (ECF No. 30 at 6), plaintiff could seek to advance a future parole hearing if the 2012 RVR is successfully expunged through this action after October 8, 2015. Gilman v. Schwarzenegger, 638 F.3d 1101, 1105 (9th Cir. 2011) ("a prisoner may request an advance hearing by submitting a written request that 'set[s] forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration,'" quoting Cal. Code Regs. tit. 15, § 3041.5(d)(1).).

For all of the above reasons, plaintiff has not made a clear showing that irreparable injury is likely absent preliminary injunctive relief.

C. Conclusion

Because plaintiff fails to demonstrate success on the merits or irreparable injury, the court declines to address the remaining prongs of Winter, and finds that plaintiff's motion for preliminary injunctive relief should be denied.[2] Given the nature of these proceedings, absent a dramatic change in circumstances, plaintiff may not file another motion for a preliminary injunction or temporary restraining order in this action.

V. Future Scheduling

The record reflects that plaintiff first filed his civil rights complaint challenging the 2012 RVR on August 23, 2013, in the San Joaquin County Superior Court. (ECF No. 1-2 at 2.) Through no fault of plaintiff, almost two years have passed. Thus, it appears that some form of expedited scheduling may be in order, absent objections by the parties. Given the straightforward

---

[2] Plaintiff included a notice claiming that a hearing on his motion "will be possibly held on Monday, 7/27/15, at 9:30 am, or whatever time that the Court deems appropriate." (ECF No. 30-1 at 1.) Plaintiff is advised that all motions are heard on the papers, without oral argument, unless the court orders otherwise. Local Rule 230(l); see also ECF No. 18 at 3. No hearing will be held.

nature of plaintiff's due process claims against defendants Cano and Vivero, the nature and scope of discovery is unclear, and if the parties anticipate filing dispositive motions, it may be that the filing of such motions could be advanced. Therefore, defendants are directed to file a status report addressing such issues along with their responsive pleading. Thereafter, plaintiff shall file a status report addressing such issues.

V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. On or before July 20, 2015, defendants shall file a status report addressing the nature and scope of discovery, and the time needed in which to complete it; and whether a pretrial motion is contemplated and, if so, the type of motion and the time needed to file the motion and complete the time schedule set forth in Local Rule 230(l); and

2. Twenty-one days after defendants file their status report, plaintiff shall file his status report addressing the same issues.

IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 6, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/whee2526.tro